[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT BAKIS' RENEWED MOTION FORPROTECTIVE ORDER
The plaintiff was allegedly injured when one Oliver Twomey, not a party to this case, assaulted him while in the process of attacking one Brady Noel, who was alleged to have sexually assaulted the defendant Kristin Bakis, Twomey's cousin, at Quinnipiac College. On August 24, 1995, this court denied a request for a protective order by Bakis concerning communications made to one Priscilla A. Howland, a Quinnipiac College counsellor. The court left open the possibility that Bakis might renew her motion for a protective order if she could establish that she reasonably believed that her communications with Ms. Howland would be confidential. Bakis subsequently renewed her motion and submitted an affidavit to the effect that, based on 1) the setting in which she met with Howland, 2) the various diplomas on the wall, 3) Howland's statement to her that their discussion and counselling would be kept confidential, and 4) statements in the Quinnipiac Student Handbook to the effect that counselling services are confidential, she reasonably believed that her statements to Howland would be privileged. Based on this affidavit, this court was prepared to grant the requested CT Page 14460 protective order in light of the provisions of General Statutes § 52-146q(a)(2) which provide that a social worker is not only a person who is so certified under Chapter 383b of the General Statutes but also "an individual reasonably believed by the person to be so certified". of concern to the court, however, was reference in the affidavit to the presence of a friend at the counseling session and whether the friend's presence constituted a waiver of privilege. The parties have submitted supplemental briefs on this issue.
Bakis contends that unlike the common law attorney-client privilege, the privilege afforded by General Statutes § 52-146q, being statutory, may be waived only by the means provided within the statute. The only waiver provisions provided by the statute are consent of the person or his authorized representative [General Statutes § 52-146q(b)] or the person's having introduced his mental condition as an element of his claim or defense in a civil proceeding [General Statutes § 52-146q(c)(4)]. Ms. Bakis has certainly not consented to a release of information concerning her sessions with Ms. Howland, nor has she introduced her mental condition as an element of her defense to this action.
In Cabrera v. Cabrera, 23 Conn. App. 330 (1990), the Appellate Court sustained an objection to the husband's effort to introduce the testimony of a psychologist who had met with both husband and wife in a family counselling session, despite the husband's claim that the testimony was not privileged because he, as a third party, was present. The plaintiff suggests that the fact patterns of the two cases are so different that Cabrera should not be viewed as controlling the present situation. However, the essence of the Cabrera holding was that where the third person is present for the purpose of providing aid to the person seeking counselling, then the privilege is not destroyed. Id at 340-41. Based on Bakis' affidavit, that was the purpose behind the presence of the third person at Bakis' counselling session with Howland.
The plaintiff also cites the Codes of Professional Responsibility for the American Counselling Association, of which Ms. Howland was a member, to the effect that she was obligated to "obtain informed consent of clients before taping, recording or permitting third party observation of their activities." Codes ofProfessional Responsibility, 3rd Ed., BNA (1986, 1990, 1994) at 408. Code of Ethics Rule H(5). Ms. Howland's breach of ethics, if CT Page 14461 that is what it was, does not help the plaintiff's claim. Whatever her ethical responsibilities might have been, if Bakis legitimately believed that her communications with Howland would be privileged and she did not waive that privilege, then she is entitled to rely upon it and to be protected from efforts to circumvent it.
The renewed motion for protective order is granted to the extent that Bakis' communications with Ms. Howland, as well as any reports or records relating to them, are privileged and may not be discovered by the plaintiff through deposition or otherwise.
Jonathan E. Silbert, Judge